## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Zakariya Abdikarim, | Case No. 24-cv-2013 (NEB/LIB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of Minnesota, et al., | |
| Respondents. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Zakariya Abdikarim's Petition for a writ of habeas corpus. [Docket No. 1].

Petitioner Zakariya Abdikarim has been charged in Minnesota state court with one count of possession of a second-degree and fifth-degree controlled substance offense; he is presently awaiting trial. See State v. Abdikarim, No. 56-CR-24-395 (Minn. Dist. Ct.). In the present petition, Petitioner alleges that he was previously arrested, booked, and charged with drug offenses which were dismissed, and therefore, the present prosecution for drug offenses violates his federal constitutional right to be free from double jeopardy and from cruel and unusual punishment. Accordingly, Petitioner seeks habeas corpus relief from his current state prosecution.

The habeas petition is before the Court on review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] As a result of that review, this Court recommends that the habeas petition be denied, and this case be dismissed.

---

[1] The habeas petition is not brought under 28 U.S.C. § 2254 because Petitioner is not held pursuant to a state-court judgment (he is a pre-trial, and therefore a pre-judgment, detainee). Nevertheless, the Rules Governing Section 2254 Cases may be applied to any habeas petition, not only habeas petitions brought under § 2254. See Rule 1(b).

As an initial matter, this Court notes that Petitioner was detained in North Dakota on unrelated charges at the time he initiated this action. Generally speaking, "the proper venue for filing a habeas petition is . . . the judicial district in which the prisoner is detained . . . ." Graham v. Gilley, No. 22-cv-0748 (NEB/HB), 2022 WL 1272130 (D. Minn. Mar. 28, 2022). This is because "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Ct. of Kentucky, 410 U.S. 484, 494–95 (1973), and that person holding custody must be located within the jurisdiction of the Court for the writ of habeas corpus to issue, see 28 U.S.C. § 2241(a).

Petitioner's detention in North Dakota, however, is not an obstacle to the Court exercising jurisdiction in this case for two reasons. First, Petitioner is currently no longer detained in North Dakota, but he has instead been returned to Minnesota. (See Notice of Change of Address [Docket No. 4]). Second, even if Petitioner were not in Minnesota currently, his custodian for purposes of this action has always been an officer of the State of Minnesota, not the State of North Dakota. Although he was initially detained in North Dakota, he was so detained pursuant to a prosecution in the State of Minnesota. To the extent that this Court could put a halt to the ongoing prosecution against Petitioner, it could do so only by ordering the State of Minnesota to cease that prosecution, not by ordering Petitioner's North Dakota jailor to release him from his unrelated detention. Accordingly, the Court has jurisdiction over the petition. See, e.g., Braden, 410 U.S. at 499 n.15.

Nor is it an obstacle that Petitioner has not yet presented his claims to the Minnesota Supreme Court on appellate review. To be sure, "although § 2241 does not itself contain a requirement that petitioners first exhaust alternative remedies available in state court, 'federal courts have consistently recognized that the principles of comity and federalism require state pre-trial detainees to present their constitutional claims in state court before seeking federal habeas

corpus relief under § 2241.'" Hogquist v. Mercy Hospital, No. 21-cv-2080 (SRN/TNL), 2021 WL 5042501, at *1 (D. Minn. Oct. 12, 2021) (quoting Olson v. Washington County, No. 12-cv-2807 (MJD/AJB), 2013 WL 1871523, at *2 (D. Minn. Jan. 24, 2013) (collecting cases)). This requirement of fair-presentment of claims generally requires appellate exhaustion of those claims, which in turn requires that judgment be entered in the state-court prosecution—meaning, ultimately, that state pretrial detainees usually cannot seek federal habeas relief until after they have been convicted (or, put another way, until after they have ceased being pretrial detainees). See, e.g., Rojas Hernandez v. Paget, No. 16-cv-2537 (DWF/HB), 2016 WL 740742, at *2 (D. Minn. Nov. 10, 2016) (collecting cases). However, claims of double jeopardy violations are an exception to the usual requirement of post-judgment exhaustion by state detainees. See Castillo-Alvarez v. Hawkinson, No. 10-cv-4187 (PAM/JJG), 2011 WL 3798585, at *2 (D. Minn. Aug. 25, 2011) (citing Braden, 410 U.S. at 489–90; Satter v. Leapley, 977 F.2d 1259, 1261 (8th Cir. 1992)). And Petitioner's cruel-and-unusual-punishment claim is simply a restatement of his double jeopardy claim; he alleges that he is being subjected to cruel and unusual punishment because he is being prosecuted for a second time for the same offense. (See Petition [Docket No. 1] at 6).[2]

Petitioner's claims here fail for a fundamental reason: The habeas petition makes clear that Petitioner has never before been in jeopardy resulting from the charges now pending against him, and thus he cannot be in double jeopardy now.

"[I]n order for a pretrial dismissal to trigger the protections of the Double Jeopardy Clause, there must be an adjudication of elements of the offense charged, in a way that reflected a genuine risk of conviction . . . ." United States v. Dionisio, 503 F.3d 78, 79 (2d Cir. 2007); accord United

---

[2] Petitioner also suggests that he was denied a right to counsel during the first proceeding. (See Id.). This claim is somewhat conclusory (it is unclear at what point in the proceedings Petitioner was allegedly denied counsel or whether Petitioner would have been constitutionally entitled to counsel at that time), but the claim is in any event moot, as the first proceedings have already concluded, and Petitioner is no longer in custody as a result of those first proceedings.

States v. Rosado-Cancel, 917 F.3d 66, 68 (1st Cir. 2019) ("The Supreme Court has consistently held that jeopardy has not attached, and the Double Jeopardy Clause therefore has no application, until a defendant is put to trial."). Petitioner's initial criminal proceedings, by his own admission, never progressed anywhere near to the point of trial. (See Petition [Docket No. 1] at 2) (alleging that Petitioner was arrested, charged, released, then re-charged only a few weeks later).

Because Petitioner was never in jeopardy before, he cannot be in double jeopardy now. Because it is plain from the Petition that Petitioner is not entitled to habeas relief, it is recommended that his petition be denied, and this matter dismissed.

Only two further matters merit brief comment. First, because it is recommended that the habeas petition be summarily denied, it is further recommended that Petitioner's pending application to proceed in forma pauperis be denied as moot. See Kruger v. Erickson, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam). Second, an appeal cannot be taken from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the petitioner is granted a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A); see also Evans v. Circuit Ct. of Cook County, 569 F.3d 665, 666 (7th Cir. 2009); (holding that state-pretrial detainees must procure a COA to appeal a final habeas order). This Court does not believe that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling" if this matter were to be dismissed on the grounds recommended above. Slack v. McDaniel, 529 U.S. 473, 484 (2000). It is therefore recommended that Petitioner not be granted a COA.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The petition for a writ of habeas corpus of petitioner Zakariya Abdikarim, [Docket No. 1], be **DENIED without prejudice**;

2. This case be **DISMISSED**;

3. Petitioner's application for in forma pauperis status, [Docket No. 5], be **DENIED as moot**; and

4. No certificate of appealability be issued.

Dated: June 17, 2024

s/Leo I. Brisbois
Hon. Leo I. Brisbois
United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).